JUNE TERM, 1838.

Russell v. Taylor.

---

### JAMES RUSSELL v. JAMES TAYLOR.

Opinion formerly delivered in this case (see vol. 4. page 550,) affirmed.

*H. S. Geyer*, counsel for appellant:

The statute provides, "that any ferryman or *other person*, who may be convicted of crossing any slave across the Mississippi river, unless such slave have a pass, &c. shall forfeit and pay, for the use of the person injured, all damages and costs that may accrue to the owner of the slave, the full value of such slave, to be recovered by action on the case." That there was no pass or permission in writing, is agreed. The defendant was not a ferryman, it is true; but that, if a valid objection to the recovery, is an objection to the declaration, and not to the sufficiency of the facts as a support to the declaration.

The objection is not, however, valid, either to the declaration or the case agreed; the defendant comes within the description of "*other persons*." As captain of the steam-boat, his means of transporting slaves across the Mississippi are as great at least as that of a ferryman.

It is true he did not proceed due east across the river; he did, nevertheless, "cross the slave from this State across the Mississippi river, and put him ashore." His proceeding in a diagonal direction can make no difference.

It is argued by the court below that, as the slave was brought back to St. Louis, there was no violation of the

statute, or that at least this fact is a set off and bars the action. Now the action accrued the moment the slave touched the east bank of the Mississippi; and the right of the plaintiff to recover the value of the slave, with all accruing damages, was complete, whether he ever saw the slave again or not; much less is the fact, that the defendant brought back the slave and kept him concealed on board the boat, with intent again to remove him from the State, a bar to recovery.

JUNE TERM, 1838.<br>Russell v. Taylor.

But, upon the hypothesis that the case does not come within the act of 1822, and is only within the act of 1804, the authority for denying the plaintiff's action altogether is not perceived. It is true, this is an action on the case, and the statute gives the action of debt for the penalty; but it expressly provides, also, that the master of the vessel " *shall be liable to the suit of the party grieved at the common law for his or her damages.*"

*A. Hamilton*, counsel for appellee:

It is a well settled principle of common law that, as against persons, penal statutes must be construed strictly; and it is not sufficient that the offence charged may be within the mischief intended to be prevented or redressed, if it be not within the words which the legislature have used—2 Wheat. 119; 3 Day, 296; 4 Com. 60, 68, 65, 421.

We do not deny that the plaintiff's remedy is cumulative; but, from among the various remedies contended for, we hold him to the election he has made, and insist that, having counted upon the statute of 1822, and failed to make out his case under that statute, he shall not be permitted to convert his case into a remedy for a distinct penalty upon another and a very different statute, to which no reference has been made by him.

Were this a proceeding *qui tam* under the act of 1804, and it was ascertained that the plaintiff had mistaken the statute, the clause, *contra formam statuti*, might be respected; provided, however, that the action would be good at common law—Comyn's Digest, action upon statute, c.

Now were this an action at common law, inasmuch as the slave has been returned, and there is no evidence of any damage or cost having been sustained or expended, could the plaintiff recover upon the facts as stated?

McGirk, Judge, delivered the opinion of the court.

This case was before this court at the last June term of this court. An opinion was then delivered at large. The same facts then before the court are now presented by way of special verdict. We have again examined the statute with regard to this matter, and we cannot see the law otherwise than as seen before. The judgment of the circuit court is reversed with costs; and this court, proceeding to give such judgment as the court below should have given, do direct that judgment be rendered for Russell.